IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| WILLIAM ANTHONY MOLINARO, | : | BANKRUPTCY NO.: 5-12-bk-07125-JJT |
| DEBTOR | : | |
| WILLIAM ANTHONY MOLINARO, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Counts I through VIII and Count X (Doc. #21)} |
| PLAINTIFF | : | |
| vs. | : | |
| THE SECRETARY OF THE U.S. DEPARTMENT OF TREASURY, et al., | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-13-ap-00046-JJT** |

# OPINION

In this multi-count Complaint, the pro se Debtor, William Molinaro, is suing various departments of the federal government regarding the withholding of Social Security benefits to offset a debt owing to the Department of Veteran Affairs. In the ten count Complaint, the Debtor sets forth the following causes of action: (1) unlawful and illegal attachment, garnishment, levy, and seizure of Social Security benefits; (2) unlawful and illegal conversion of private property to another third party; (3) unfair debt collection practices; (4) racketeering, influencing, and corrupt organizations (RICO); (5) civil and/or criminal conspiracy to deprive him of his entitled monthly Social Security disability benefits under the color of law; (6) mail fraud; (7) fraud under common law; (8) civil rights violations; (9) violation of the automatic stay; and (10) declaratory judgment against the United States and its agencies. In response, the named federal government agencies

have filed a fairly comprehensive Motion to Dismiss relying on sovereign immunity and the lack of my jurisdiction to adjudicate the litigation.

The dates of the government's alleged "seizures" is unclear in reading the Complaint. Nevertheless, it appears that the questioned activities occurred both before and after the Debtor's Chapter 7 filing. To the extent that these occurrences happened prior to bankruptcy, I would have anticipated that the claims would be inventoried on the Debtor's B Schedule listing personal property assets. An examination of that Schedule shows that nowhere is a claim against the government listed. Whether it is listed or not, the prepetition claim clearly belongs to the Chapter 7 Trustee to pursue or abandon, unless the Debtor has otherwise exempted it for his own use, which he has not. The Debtor simply has no standing to pursue a prepetition claim against the government at this time. To the extent that Debtor's claim arose after the bankruptcy petition was filed, then my jurisdiction is clearly at issue.

Generally speaking, I have bankruptcy jurisdiction of matters under Title 11 (the bankruptcy statute), matters arising under or in a case under Title 11, and proceedings related to a case under Title 11. 28 U.S.C. § 157. It seems apparent to me that Count Nine of the Complaint alleges a violation of the automatic stay wherein this Court has clear adjudicatory power over this private right of action specifically provided for in 11 U.S.C. § 362(k). The remaining Counts, however, appear to seek some sort of redress not specifically provided for in the Bankruptcy Code for violations that could only benefit the Debtor and not the Debtor's creditors or his bankruptcy estate.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. E.g., In re Hall, 30 B.R. at 802; In re General Oil Distributors, Inc., 21 B.R. 888, 892 n.

> 13 (Bankr.E.D.N.Y.1982); In re U.S. Air Duct Corp., 8 B.R. 848, 851 (Bankr.N.D.N.Y.1981); 1 Collier on Bankruptcy ¶ 3.01 at 3–49. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984).

As such, these Counts are not matters that this Bankruptcy Court would have jurisdiction over although the Debtor may be free to pursue them in a court of appropriate jurisdiction. *In re Biege,* 417 B.R. 697, 701 (Bkrtcy. M.D.Pa. 2009).

I am satisfied that all the Counts of the Complaint, except Count Nine, should be dismissed, and the government is directed to answer Count Nine of the Complaint on or before twenty-one (21) days from the date of the issuance of the Order to follow. To the extent the government has moved to dismiss Count Nine, that Motion is denied.

Further, Debtor's Motion to Strike (Doc. #27) and Motion for Default (#28) are summarily denied.

By the Court,

Date: January 10, 2014

John J. Thomas, Bankruptcy Judge
(CMS)